IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SYDNEY MELISSA NAVARRO, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-839-A |
| | § | (NO. 4:13-CR-100-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Sydney Melissa Navarro ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, pertinent parts of the record in Case No. 4:13-CR-100-A, styled "United States of America v. Jaymie Lynn Sellers, et al.," and applicable authorities, the court has concluded that the motion must be dismissed as untimely.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On June 19, 2013, movant was named in a one-count indictment charging her and seven others with conspiracy to possess with intent to distribute a controlled substance, 50 grams or more of a mixture and substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 69. Movant pleaded guilty, CR Doc. 105. She was sentenced to a term of imprisonment of 324 months to be followed by a five-year term of supervised release. CR Doc. 235.

Movant appealed. CR Doc. 250. The court of appeals rejected her arguments and affirmed the sentence on October 1, 2014. CR Doc. 335, 336. Movant did not seek relief from the United States Supreme Court.

## II.

### Ground of the Motion

Movant appears to urge one ground in support of her motion. As best the court can tell, she contends that she is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). But, she does not identify any underlying felony conviction that she contends should not have been counted as a crime of violence or any other reason why Johnson would apply in her case.

## III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S.

---

[1] The "CR Doc." reference is to the number of the item on the docket in the underlying criminal case, No. 4:13-CR-100-A.

2

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

3

IV.

Analysis

Movant did not petition the Supreme Court for a writ of certiorari; therefore, her judgment became final on December 31, 2014. Clay v. United States, 537 U.S. 522, 525 (2003)(for the purpose of starting the clock on the one-year time limit for a motion under 28 U.S.C. § 2255, a judgment of conviction becomes final when the 90 day time period expires for the filing of a petition for certiorari). She did not file the motion under consideration until September 8, 2016, well after the time for doing so had expired. Movant appears to contend that she can rely on Johnson to extend the time for filing her motion. However, the date for filing a motion under Johnson expired June 27, 2016.[2]

V.

Order

The court ORDERS that movant's motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C.

---

[2] The court notes that movant would not be entitled to relief in any event as the record does not reflect that she received any enhancement under the residual clause of 18 U.S.C. § 924(e)(2).

4

§ 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 8, 2016.

_____
JOHN McBRIDE
United States District Judge